UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00136-MPB-TAB |
| | ) | |
| RESHARD BENARD, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

Defendant Reshard Benard has filed a Motion to Compel the Government to produce materials that he believes will be relevant to a future motion to suppress. [Dkt. 28.] These materials include (1) United States Probation's ("Probation") policies and procedures for searching a probationer's residence, and (2) notes, reports, and summaries regarding any contacts between Mr. Benard and Probation. Mr. Benard seeks these materials under Federal Rule of Criminal Procedure 16(a)(1)(E). [*Id.* at 2.] After reviewing the record and the Parties' filings on this issue, the Court concludes that the materials Mr. Benard seeks to compel are not "within the government's possession, custody, or control" in this case and, thus, are outside the scope of Rule 16(a)(1)(E). Accordingly, Mr. Benard's Motion to Compel is **DENIED**.

**I. BACKGROUND**

In this case, Mr. Benard is charged with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).[1] [Dkt. 1.] The firearm was allegedly found during a search of his residence by his federal probation officer and local law enforcement on June 25,

---

[1] Mr. Benard has been subject to federal supervision by Probation in this District since December 2022 under Cause No. 1:22-cr-00198. Alleged violations of the conditions of his supervised release have been filed in that case but are separate from the criminal indictment in this case and are not the subject of the pending Motion to Compel.

2024. [Dkt. 37-1.] The residential search was purportedly conducted upon reasonable suspicion of Mr. Benard's alleged supervised release violations, specifically, that he had failed to report two separate incidents with local law enforcement and that he had been associating with known felons. [*Id.*] The first incident occurred on April 24, 2024, when Mr. Benard was pulled over on suspicion of pointing a firearm at another motorist. [*Id.*] Police did not find a firearm in the vehicle, but Mr. Benard's fellow passenger was allegedly a known felon. [*Id.*] The second incident occurred on May 20, 2024, when Mr. Benard was pulled over for speeding and issued a citation.[2] [*Id.*]

In this case, Mr. Benard plans to file a motion to suppress in which he will argue that the residential search was unlawful and that the fruits of that search—*i.e.*, the firearm—should be excluded as evidence in this case. [Dkt. 28.] He believes that his probation officer violated the policies and procedures of Probation by "conducting a search [of his residence] at the behest of law enforcement which had insufficient evidence to acquire a search warrant" and that his probation officer "conducted the search without any reasonable suspicion." [*Id.* at 1.] In support of this theory, he seeks to compel "any written policy or procedure created by U.S. Probation regarding searches of a probationer's residence," as well as "any notes, reports, or summaries regarding any contacts by U.S. Probation with the Defendant." [*Id.* at 1, 2.]

## II. LEGAL STANDARD

There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). However, there are several important discovery standards in place to ensure that a defendant in a criminal case has access to key evidence. Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government must disclose evidence that is favorable to the

---

[2] The Government provides this chronology in a filing titled, "Timeline of Events." [Dkt. 37-1.] The Parties also discussed some of these events on the record at Mr. Benard's Pretrial Detention Hearing on August 8, 2024. [Dkt. 27.]

defendant. The Jencks Act requires the government to produce prior statements of its own witnesses that are within its possession after its witness testifies on direct examination. *United States v. Giannini*, 104 F.4th 667, 672 (7th Cir. 2024) (citing 18 U.S.C. § 3500(b)). Federal Rule of Criminal Procedure 16(a)(1) also requires the government to make certain pretrial disclosures upon a defendant's request.

Mr. Benard brings his Motion to Compel under Federal Rule of Criminal Procedure 16(a)(1). [Dkt. 28 at 2.] In light of the nature of the materials he is requesting and the arguments he makes, the Court will analyze his motion under Rule 16(a)(1)(E), which provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).[3]

### III. DISCUSSION

Mr. Benard plans to file a motion to suppress in which he will argue that the residential search was unlawful and that the fruits of that search—*i.e.*, the firearm—should be excluded as

---

[3] Mr. Benard's opening brief contains a citation to *Giglio v. United States*, 405 U.S. 150 (1972). [Dkt. 28 at 2.] *Giglio* holds that a prosecutor may not knowingly suborn perjury of a cooperating witness. 405 U.S. at 151. It also holds that when one prosecutor makes a promise of leniency to a cooperating witness, knowledge of that promise is imputed to the prosecutor's entire office. *Id.* at 153-54. Mr. Benard does not explain how *Giglio* applies to his present motion and makes no reference to *Giglio*, *Brady*, or any related cases in his reply brief. [Dkt. 38.] "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Aldens*, 527 F.3d 653, 664 (7th Cir. 2008). Accordingly, the Court will not consider any constitutional arguments that Mr. Benard might have attempted to make in support of his Motion to Compel.

evidence in this case. [Dkt. 28.] Accordingly, Mr. Benard seeks to compel "any written policy or procedure created by U.S. Probation regarding searches of a probationer's residence," as well as "any notes, reports, or summaries regarding any contacts by U.S. Probation with the Defendant." [*Id.* at 1, 2.]

In response to Mr. Benard's motion, the Government argues that the materials at issue in this case belong to Probation and are therefore not "within the government's possession, custody, or control." [Dkt. 37 at 3-4.] They point out that Probation is part of the judicial branch of the federal government and is thus not an "arm of the prosecution" but is instead an "arm of the court." [*Id.* at 3] The Government also represents that it does not possess or have access to the materials that Mr. Benard is requesting. [*Id.* at 4.] Finally, the Government argues that the materials would not be relevant to Mr. Benard's future motion to suppress because the search was conducted by Probation as part of its duty to ensure that Mr. Benard was following the conditions of supervised release. [Dkt. 37 at 5.]

In reply, Mr. Benard argues that the Government "has brought this indictment based on evidence submitted by U.S. Probation." [Dkt. 38 at 4.] He also argues that he believes Probation "has written guidelines that require its officers to specifically denote, in writing, facts that support a finding of reasonable suspicion before supervisory approval is granted to conduct a search of a residence." [*Id.* at 1.] He seems to suggest that his probation officer either did not submit a written statement before conducting the search or that he did submit a written statement that has not yet been disclosed to Mr. Benard and could be used to impeach the probation officer's testimony at a future hearing. [*Id.* at 1-2; dkt. 28 at 2.]

The Court finds that the materials Mr. Benard requests in his Motion to Compel are not "within the government's possession, custody, or control" and are thus outside the scope of

4

Rule 16(a)(1)(E).  Courts do not take a "monolithic view of government," and neither *Brady* nor Rule 16(a)(1) entitle a Defendant to receive documents possessed by each and every government agency.  *See United States v. Chalmers*, 410 F. Supp. 2d 278 at 288-90 (S.D.N.Y. 2006) (holding that discovery under Rule 16(a)(1) is limited to those materials that the prosecution has actually reviewed or that are in the possession, custody, or control of a government agency so closely aligned with the prosecution as to be part of the "prosecution team"); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (prosecutors are not required to produce materials that are physically possessed by other executive branch agencies that either had no part in the criminal investigation or over whom the prosecution has no authority); *United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[I]t is settled that the government generally need not produce documents that are in the possession, custody, or control of a separate branch of government . . . or a state or local government agency."); *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) ("'[W]ithin the possession, custody, or control of the government' does not include possession of a federal court or probation officer under Rule 16(a)(1)."), *cert. denied*, 522 U.S. 822 (1997); *United States v. Pena*, 2021 WL 4804495, at *1 (M.D. Fla. Oct. 14, 2021) (ruling that a probation officer was not part of the prosecution team and that the government had no due process obligation to review certain information that the probation officer possessed before the probationer's supervised release violation hearing).

      Probation is part of the judicial branch of the federal government; specifically, it is an "arm of the court . . . with loyalties to no one but the court."  *United States v. Jackson*, 568 F. App'x 655 (11th Cir. 2014).  As such, it is a neutral party tasked with gathering information for three important purposes: "(1) to assist offenders in the rehabilitation process; (2) to protect the public from persons whose release proves threatening to the community; and (3) to provide information and

recommendations to the court or parole board so that it may make appropriate decisions regarding continued freedom for the individual released." *United States v. Reyes*, 283 F.3d 446, 455 (2d Cir. 2002) (citing 1 NEIL P. COHEN, THE LAW OF PROBATION AND PAROLE § 17:1, at 17–2 (2d ed.1999)). Accordingly, based on the authorities cited herein, materials that are in the exclusive possession, custody, and control of probation are outside the scope of Rule 16(a)(1)(E).

Turning to this case, nothing in the record suggests that Mr. Benard's probation officer was personally so entwined with the prosecution as to be part of the "prosecution team" that would bring the materials sought into the scope of Rule 16(a)(1)(E). To the contrary, it appears that the probation officer's conduct was consistent with his duties. The fact that he communicated with local law enforcement following Mr. Benard's two traffic stops in April 2024 and May 2024 is unsurprising given his responsibility to monitor Mr. Benard and ensure that he was conducting himself in accordance with the law and the conditions of supervised release put in place by the Court. It is also unsurprising that Mr. Benard's probation officer was accompanied by local law enforcement when he searched Mr. Benard's residence, given that an involuntary search of this nature may pose inherent safety and security risks. The fact that evidence of alleged criminal activity by Mr. Benard was located and turned over to federal law enforcement is wholly consistent with the probation officer's duties and does not automatically turn Probation into a member of the prosecution team for purposes of pretrial discovery under Rule 16(a)(1)(E).

In sum, pretrial discovery under Rule 16(a)(1)(E) is limited to materials that are "within the government's possession, custody, or control." The "government" means the prosecution and other agencies so entwined with the investigation that they are part of the "prosecution team." The "prosecution team" generally excludes local law enforcement and other branches of the federal government. Probation is part of the judicial branch, not the executive branch, and its duties are
6

distinct from those of the prosecution. Mr. Benard has not pointed to anything that suggests that his probation officer acted as part of the prosecution team for purposes of Rule 16(a)(1)(E). Given these circumstances, the Court finds that the policies and procedures of Probation with respect to residential searches, as well as any notes, reports, or summaries about Mr. Benard that are in the exclusive possession, custody, or control of Probation are outside the scope of Rule 16(a)(1)(E). Accordingly, Mr. Benard's Motion to Compel is **DENIED**.[4]

## IV. CONCLUSION

After reviewing the record and the Parties' filings on this issue, the Court concludes that the materials Mr. Benard seeks to compel are not "within the government's possession, custody, or control" in this case and, thus, are outside the scope of Rule 16(a)(1)(E). Accordingly, Mr. Benard's Motion to Compel is **DENIED**. [Dkt. 28.]

**So ORDERED**.

Date: 9/3/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[4] Because the Court denies Mr. Benard's motion because the materials he seeks are not within the Government's possession, custody, or control under Rule 16(a)(1)(E), it need not decide whether those materials are relevant to preparing his defense under Rule 16(a)(1)(E)(i).