UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00136-MPB-TAB |
| | ) | |
| RESHARD BENARD, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING AS UNNECESSARY**
**MOTION FOR LEAVE TO SERVE SUBPOENA ON PROBATION**

Defendant Reshard Benard has filed a Motion for Leave to Serve Subpoena to U.S. Probation. [Dkt. 46.] Specifically, Mr. Benard seeks the Court's leave to serve U.S. Probation ("Probation") with a subpoena under Federal Rule of Criminal Procedure 17(c) that will request the following:

> Any documents, including phone texts, emails, and memos, pertaining to the articulation and/or assessment of reasonable suspicion of the search conducted of the Defendant's residence, located at 1440 S. Mickley Avenue, on or about June 25, 2024. Also any notes, reports, or summaries regarding any contacts by U.S. Probation with the Defendant.

[Dkt. 46 at 3.] Mr. Benard seeks to use the requested documents in support of his pending Motion to Suppress. [*Id.*; dkt. 53.]

Mr. Benard explains his reasoning for seeking leave from the Court as follows: "While the Defendant is not aware of any requirement of securing such leave prior to the issuance of a subpoena (based on his review of the local rules), in an abundance of caution, the Defendant still requests that the Court grant leave prior to the issuance of the subpoena because United States probation is 'an arm of the court.'" [*Id.* at 1.] The Government's response brief opposes the substance of the subpoena that Mr. Benard intends to serve, [dkt. 52]; however, it does not address

the actual request in Mr. Benard's motion that the Court grant him leave to serve the subpoena at all.

Federal Rule of Criminal Procedure 17(c)(1) to (2) provides as follows:

**Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying a Subpoena**. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(1) to (2).

As Mr. Benard acknowledges in his motion, a Party is not required to seek leave before serving a subpoena under Rule 17(c). Instead, the rule authorizes courts to quash a subpoena upon a "motion made promptly . . . if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Once a motion to quash is filed, "a district court may quash or modify [the] subpoena . . . [and] [t]he party opposing the subpoena bears the burden of proving its unreasonableness or oppressiveness." *United States v. Doe Corporation*, 59 F.4th 301, 304 (7th Cir. 2023).

Mr. Benard's motion and the Government's response brief attempt to put the cart before the horse. Because Mr. Benard does not need the Court's permission to serve a subpoena, his Motion for Leave to Serve U.S. Probation with a Subpoena is **DENIED AS UNNECESSARY**. [Dkt. 46.] The Court makes no ruling about the substance of Mr. Benard's potential request for documents from Probation or the Government's objections raised in its response brief. Instead, the **CLERK SHALL** send Mr. Benard an endorsed but otherwise blank subpoena for production of documents along with a copy of this Order. Mr. Benard may serve that subpoena on Probation if he so chooses;

however, nothing in this Order precludes Probation or the Government from filing a prompt motion to quash or modify the subpoena under Rule 17(c)(2).

    **So ORDERED**.

Date: 11/8/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email